**UNITED STATES DISTRICT COURT**

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL GOLDEN,<br><br>        Plaintiff,<br><br>    v.<br><br>COUNTY OF TULARE, et al.,<br><br>        Defendants.<br>_____/ | CASE NO. 1:09-cv-00263 OWW DLB PC<br><br>ORDER REQUIRING PLAINTIFF TO EITHER FILE AN AMENDED COMPLAINT OR NOTIFY THE COURT THAT HE IS WILLING TO PROCEED ON COGNIZABLE CLAIMS<br><br>THIRTY-DAY DEADLINE<br><br>(Doc. 1)<br><br>FINDINGS AND RECOMMENDATION THAT REQUEST FOR TEMPORARY RESTRAINING ORDER AND/OR PRELIMINARY INJUNCTIVE RELIEF BE DENIED |

**Screening Order**

**I.      Screening Requirement**

      Plaintiff Michael Golden ("Plaintiff") is proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1985. Plaintiff filed this action on February 11, 2009.

      "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii). "Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002); Fed. R. Civ. P. 8(a).

Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz, 534 U.S. at 512. However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." Neitze v. Williams, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Iqbal, 129 S.Ct. at 1949 (quoting Twombly, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusion are not. Id. at 1949.

## II.    Summary of Plaintiff's Federal Claims

Plaintiff states that on August 18, 2008, he appeared in Tulare County Superior Court to be arraigned on a misdemeanor violation for driving on a suspended license and an infraction violation for driving an unregistered vehicle. Plaintiff states that upon remand, he was arrested and placed in the custody of the Tulare County Sheriff's Department, and was housed in a detention facility until August 20, 2008. Plaintiff alleges that during that time his repeated requests for a confidential telephone call to his attorney were denied by various sheriff deputies. Plaintiff further alleges that he was also denied confidential telephone calls initiated by his attorney.

On August 20, 2008, Plaintiff was transported back to Tulare County Superior Court, where he entered a plea of no contest to a misdemeanor violation of driving without a license, and an infraction violation of driving an unregistered vehicle. Plaintiff was then sentenced to three days, with three days of credit for time served.

Plaintiff names County of Tulare, County Sheriff Bill Wittman and Does 1 - 50 as defendants. Plaintiff alleges violations of the First, Fourth, Fifth, Sixth, Eighth and Fourteenth

Amendments of the United States Constitution, conspiracy pursuant to 42 U.S.C. §1985, as well as various state law claims. Plaintiff seeks money damages and injunctive relief.

### A.   First Amendment

Plaintiff alleges a violation of his First Amendment rights to freedom of speech and association stemming from the denial of confidential telephone calls to and from his attorney.

"Prisoners have a First Amendment right to telephone access, subject to reasonable security limitations." Halvorsen v. Baird, 146 F.3d 680, 689 (9th Cir. 1998) (quoting Keenan v. Hall, 83 F.3d 1083, 1092 (9th Cir. 1986). The constitutional right at issue is "the First Amendment right . . . to communicate with persons outside prison walls," and "[u]se of a telephone provides a *means* of exercising this right." Valdez v. Rosenbaum, 302 F.3d 1039, 1048 (9th Cir. 2002) (emphasis in original). A prison regulation that impinges on an inmate's constitutional right "is valid if it is reasonably related to legitimate penological interests." Turner v. Safley, 482 U.S. 78, 89, 107 S.Ct. 2254 (1987). First, "there must be a valid, rational connection between the prison regulation and the legitimate government interest put forward to justify it," and "the governmental objective must itself be a legitimate and neutral one." Id. A second consideration is "whether there are alternative means of exercising the right that remain open to prison inmates." Id. at 90 (internal quotations and citation omitted). A third consideration is "the impact accommodation of the asserted right will have on guards and other inmates, and on the allocation of prison resources generally." Id. "Finally, the absence of ready alternatives is evidence of the reasonableness of a prison regulation." Id.

In the present case, Plaintiff has not alleged facts sufficient to state a cognizable First Amendment claim against any named defendant. Plaintiff alleges that he was not permitted to communicate confidentially with his attorney by phone. However, Plaintiff has not alleged a lack of alterative means. For example, it is not clear from reading Plaintiff's complaint whether Plaintiff was able to meet in person with his attorney during that time, nor has he alleged that this is an unreasonable alternative. There is no allegation that Plaintiff was held incommunicado with the outside world. Halvorsen 146 F.3d at 690, Vasquez, 302 F.3d at 1048. The Court will grant Plaintiff an opportunity to amend to allege further facts in support of his First Amendment claim if he so chooses.

**B.     Fourth Amendment**

Plaintiff alleges a violation of his Fourth Amendment right to be free from unlawful seizure of his person. "The Fourth Amendment is not triggered unless the state intrudes into an area in which there is a constitutionally protected reasonable expectation of privacy." United States v. Van Poyck, 77 F.3d 285, 290-91 (9th Cir. 1996) (internal quotation and citations omitted). "Such a constitutionally protected reasonable expectation of privacy exists only if (1) the [plaintiff] has an actual subjective expectation of privacy in the place searched and (2) society is objectively prepared to recognize that expectation. Id., (internal quotation and citations omitted), United States v. Davis, 932 F. 2d 752, 756 (9th Cir. 1991).

In the present case, Plaintiff has not alleged facts sufficient to demonstrate a violation of the Fourth Amendment. Plaintiff alleges that he was deprived of confidential telephone conversations with his attorney. Plaintiff's has not alleged that he participated in any phone conversation with his attorney that was in fact recorded or monitored, so as to constitute a search implicating the protections guaranteed by the Fourth Amendment.

**C.     Sixth Amendment**

Plaintiff alleges a violation of his Sixth Amendment right to counsel. "[T]he attorney-client relationship is one of the cornerstones of our adversary system." U.S. v. Hernandez, 937 F.2d. 1490, 1493 (9th Cir. 1991). "[T]he Supreme Court has twice held that government invasion of that privilege or the defense camp is not sufficient by itself to cause a Sixth Amendment violation. The defendant must have been *prejudiced* by such actions." Id. at 1493 (*emphasis* in original), United States v. Morrison, 449 U.S. 361, 365, 101 S.Ct. 665, 668, 66 L.Ed.2d 564 (1981); Weatherford v. Bursey, 429 U.S. 545, 558, 97 S.Ct. 837, 845, 51 L.Ed.2d 30 (1977).

Mere government intrusion into the relationship is not itself violative of the Sixth Amendment. Plaintiff has not alleged substantial prejudice resulting from the denial of confidential telephone communication with his attorney and thus fails to state a cognizable claim. Plaintiff's Sixth Amendment claim is also dismissed, with leave to amend.

**D.     Eighth Amendment**

The Eighth Amendment's prohibition against cruel and unusual punishment only protects

convicted prisoners. Bell v. Wolfish, 441 U.S. 520, 535 (1979); Graham v. Connor, 490 U.S. 386, 395 n.10 (1989). Plaintiff was either an arrestee or a pre-trial detainee and not a convicted prisoner at the time of the events giving rise to this action. His Eighth Amendment claim fails as a matter of law.

### E. Fifth and Fourteenth Amendments - Due Process Clause

Plaintiff alleges a violation of the Fifth Amendment. To the extent that Plaintiff is alleging a violation of due process, "the Fifth Amendment's due process clause applies only to the federal government." Bingue v. Prunchak, 512 F.3d 1169, 1174 (9th Cir. 2008). Plaintiff's Fifth Amendment claim fails as a matter of law.

With respect to Plaintiff's Fourteenth Amendment claim, California grants arrestees the right to place at least three completed telephone calls, which includes a right to free telephone calls to his attorney that are not be monitored, eavesdropped upon, or recorded. See Cal Penal Code § 851.5. This state-created right is one of "real substance" entitled to constitutional due process protections. Carlo v. City of Chino, 105 F.3d 493, 500 (9th Cir.1997). An arrestee therefore must receive notice of the right to telephone calls and may be denied a requested immediate telephone call only in the case of physical impossibility. Id. at 497.

#### i. Does 26, 27, 28

Plaintiff alleges that three unidentified Doe defendants (Doe 26, 27, 28) deprived him of a confidential telephone call to his attorney approximately six to eight times. Presuming that Plaintiff was an arrestee at the time of the events giving rise to this action, this claim is sufficient to proceed against defendants Doe 26 - 28 for violation of the Due Process Clause.

#### ii. Defendant Sheriff Bill Wittman and Does 1 through 25

Plaintiff alleges a claim of supervisory liability against defendants Wittman and Does 1 through 25 based on the misconduct of their subordinates. Plaintiff alleges that defendant Wittman and supervisory Doe defendants 1 through 25 knew of the misconduct by their subordinates and failed to prevent them and/or ignored the misconduct. Plaintiff alleges that defendants took no steps to train them, correct their abuse of authority, or to discourage their unlawful use of authority. Plaintiff further alleges that defendants failed to instruct them on the applicable provisions of the

1  California Penal Code and the federal and state constitutional limits on arrest and detention.

2  Under section 1983, liability may not be imposed on supervisory personnel for the actions
3  of their employees under a theory of respondeat superior. Iqbal, 129 S.Ct. at 1949. "In a §1983 suit
4  or a Bivens action - where masters do not answer for the torts of their servants - the term
5  'supervisory liability' is a misnomer." Id. Knowledge and acquiescence in a subordinate's
6  misconduct is insufficient to establish liability; each government official is only liable for his or her
7  own misconduct. Id. Plaintiff's allegation that defendants Wittman and Does 1 through 25 knew,
8  or reasonably should have known, that their subordinates were engaging in unlawful or
9  unconstitutional conduct, but failed to prevent their actions, is insufficient to state a claim for relief
10 against them. Because Plaintiff may be able to cure this deficiency, the Court shall grant Plaintiff
11 leave to amend.

### iii.   Defendants Doe 29 - 50

13 Plaintiff alleges that Doe defendants 29 through 50 ignored attempts by Plaintiff's counsel
14 to arrange a confidential telephone conversation with him on August 19 and 20, 2008.

15 While the Ninth Circuit has held that the right of an arrestee not to be held incommunicado
16 involves a substantial liberty interest, City of Chino, 105 F. 3d at 496, see also Halvorsen, 146 F.3d
17 at 690 (recognizing that a detainee has a substantive due process right not to be held
18 incommunicado), this Court is unable to find any controlling authority recognizing that arrestees or
19 pretrial detainees necessarily have a protected liberty interest in *receiving* confidential telephone calls
20 from his or her attorney, thereby implicating due process concerns. Plaintiff does not allege that he
21 was unable to communicate at all with his attorney or with the outside world, either by phone or in
22 person, thus rendering him incommunicado. Plaintiff's claims against Doe defendants 29 - 50 are
23 dismissed with leave to amend.

### iv.   Defendant County of Tulare

25 Plaintiff alleges that the abuses to which he suffered was consistent with an institutionalized
26 practice of the Tulare County Sheriff's department. Plaintiff further alleges that defendants Wittman
27 and Doe defendants acted "pursuant to an expressly adopted official policy or longstanding practice
28 or custom of TULARE COUNTY, including but not limited to warrantless and unreasonable arrests

and detentions".

A local government unit may not be held responsible for the acts of its employees under a respondeat superior theory of liability. Monell v. Department of Social Services, 436 U.S. 658, 691 (1978); Webb v. Sloan, 330 F.3d 1158, 1163-64 (9th Cir. 2003); Gibson v. County of Washoe, 290 F.3d 1175, 1185 (9th Cir. 2002) Rather, a local government unit may only be held liable if it inflicts the injury complained of. Gibson, 290 F.3d at 1185; Conn v. City of Reno, No. 07-15572 (9th Cir. filed July 24, 2009).

Generally, a claim against a local government unit for municipal or county liability requires an allegation that "a deliberate policy, custom, or practice . . . was the 'moving force' behind the constitutional violation . . . suffered." Galen v. County of Los Angeles, 477 F.3d 652, 667 (9th Cir. 2007); City of Canton v. Harris, 489 U.S. 378, 385 (1989). Alternatively, and more difficult to prove, municipal liability may be imposed where the local government unit's omission led to the constitutional violation by its employee. Gibson at 1186. Under this route to municipal liability, the "plaintiff must show that the municipality's deliberate indifference led to its omission and that the omission caused the employee to commit the constitutional violation." Id. Deliberate indifference requires a showing "that the municipality was on actual or constructive notice that its omissions would likely result in a constitutional violation." Id.

An allegation that there exists an unspecified policy or practice "including but not limited to warrantless and unreasonable arrests and detentions" is insufficient by itself to state a claim.[1] However, based on Plaintiff's allegation that three different Sheriff's deputies, over a twenty hour period, refused to allow Plaintiff to make a confidential telephone call to his attorney, the Court finds that Plaintiff states a cognizable claim against defendant Tulare County, and also finds a cognizable claim alleged against defendant Tulare County for failure to train its employees. City of Canton, 489 U.S. 378 (1989).

///

///

---

[1] Plaintiff does not allege any claims of warrantless or unreasonable arrests.

#### F.     42 U.S.C. § 1985

Plaintiff alleges claims for relief pursuant to 42 U.S.C. § 1985.[2] The second clause of section 1985(2) proscribes conspiracies for the purpose of impeding the due course of justice in any state, with the intent to deny equal protection of the laws, and section 1985(3) proscribes conspiracies to deny equal protection of the law or equal privileges and immunities. Coverdell v. Dep't. of Soc. and Health Svcs., State of Washington, 834 F.2d 758, 767 (9th Cir. 1987). An allegation of racial or class-based discrimination is required to state a claim for relief under either the second clause of section 1985(2) or section 1985(3). Bretz v. Kelman, 773 F.2d 1026, 1028-1030 (9th Cir. 1985).

Plaintiff's complaint contains no allegations of a racial nor class-based discrimination behind the denial of Plaintiff's telephone access to his attorney and Plaintiff's bare allegation that all defendants were involved in a conspiracy to deprive Plaintiff of his constitutional rights is conclusory at best.  See Iqbal, 129 S. Ct. at 1949.

### III.    Plaintiff's State Claims

California's Tort Claims Act requires that a tort claim against a public entity or its employees be presented to the California Victim Compensation and Government Claims Board, formerly known as the State Board of Control, no more than six months after the cause of action accrues. Cal. Gov't Code §§ 905.2, 910, 911.2, 945.4, 950-950.2 (West 2008). Presentation of a written claim, and action on or rejection of the claim are conditions precedent to suit. State v. Superior Court of Kings County (Bodde), 32 Cal.4th 1234, 1245, 90 P.3d 116, 124, 13 Cal.Rptr.3d 534, 543 (2004); Mangold v. California Pub. Utils. Comm'n, 67 F.3d 1470, 1477 (9th Cir. 1995). To state a tort claim against a public employee, a plaintiff must allege compliance with the Tort Claims Act. State v. Superior Court, 32 Cal.4th at 1245, 90 P.3d at 124, 13 Cal.Rptr.3d at 543; Mangold, 67 F.3d at 1477; Karim-Panahi v. Los Angeles Police Dept., 839 F.2d 621, 627 (9th Cir. 1988).

Plaintiff has not alleged compliance with the California Tort Claims Act, which is a

---

[2] "Section 1985(1) concerns preventing an officer of the United States from performing his or her duties. The first clause of 1985(2) concerns conspiracy to obstruct justice in the federal courts, or to intimidate a party, witness or juror in connection therewith," Bretz v. Kelman, 773 F.2d 1026, 1028 n.3 (9th Cir. 1985). Neither 1985(1) nor the first clause of 1985(2) appear applicable to this action.

prerequisite to suit and which must be specifically alleged to state a claim.[3]

## IV. Request for a Temporary Restraining Order and Preliminary Injunctive Relief

Plaintiff seeks a temporary restraining order restraining Defendants from unlawfully denying arrestees and inmates of their right to make or receive confidential telephone calls to or from their attorneys, and requiring defendants Tulare County and Sheriff Wittman to (a) train all sheriff's deputies and personnel on proper arrest and detention of individuals; (b) issue quarterly reports concerning the efforts made to comply with any order issued; and (c) actively review and supervise the training of its sheriff's deputies and personnel on proper arrest procedure and to comply wit any order issued.

The purpose of a preliminary injunction is to preserve the status quo if the balance of equities so heavily favors the moving party that justice requires the court to intervene to secure the positions until the merits of the action are ultimately determined. University of Texas v. Camenisch, 451 U.S. 390, 395 (1981). A preliminary injunction is available to a plaintiff who "demonstrates either (1) a combination of probable success and the possibility of irreparable harm, or (2) that serious questions are raised and the balance of hardship tips in its favor." Arcamuzi v. Continental Air Lines, Inc., 819 F. 2d 935, 937 (9th Cir. 1987). Under either approach the plaintiff "must demonstrate a significant threat of irreparable injury." Id. Also, an injunction should not issue if the plaintiff "shows no chance of success on the merits." Id. At a bare minimum, the plaintiff "must demonstrate a fair chance of success of the merits, or questions serious enough to require litigation." Id.

"[A] preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." Mazurek v. Armstrong, 520 U.S. 968, 972 (1997) (quotations and citations omitted). Further, a mandatory preliminary injunction such as that sought by Plaintiff in the instant motion "is subject to heightened scrutiny and should not be issued unless the facts and the law clearly favor the moving party." Dahl v. Hem Pharmaceuticals Corp., 7 F.3d 1399, 1403 (9th Cir. 1993). When an inmate seeks injunctive

---

[3] Plaintiff states that he filed and served a Notice of Claim upon Tulare County prior to filing this instant lawsuit, and that he was served a Notice of Rejection of Claim by Tulare County on December 18, 2008.

9

or declaratory relief concerning the prison where he is incarcerated, his claims for such relief become moot when he is no longer subjected to those conditions. Nelson v. Heiss, 271 F.3d 891, 897 (9th Cir. 2001); Dilley v. Gunn, 64 F.3d 1365, 1368 (9th Cir. 1995); Johnson v. Moore, 948 F.2d 517, 519 (9th Cir. 1991). Further, there is nothing to suggest that Plaintiff will be re-incarcerated at the same detention center and Plaintiff submits no evidence in support of his request. Accordingly, the Court recommends that the motion be denied.

### V.     Conclusion and Order

Plaintiff's complaint states a claim under section 1983 against defendants Does 26, 27 and 28 and Tulare County for violation of the Due Process Clause of the Fourteenth Amendment, but fails to state a claim against Wittman, Does 1-25 and 29-50. Plaintiff's remaining federal and state claims are not cognizable. The Court will provide Plaintiff with the opportunity to file an amended complaint curing the deficiencies identified by the Court in this order. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).

If Plaintiff does not wish to file an amended complaint and is agreeable to proceeding only against Defendants Doe 26-28 and Tulare County, Plaintiff may so notify the Court in writing, and the Court will dismiss Defendant Wittman and the remaining claims, and will forward Plaintiff one summons and one USM-285 form for completion and return. Upon receipt of the forms, the Court will direct the United States Marshal to initiate service of process.

If Plaintiff opts to amend, his amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights, Iqbal, 129 S.Ct. at 1948-49; Jones, 297 F.3d at 934. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Twombly, 127 S.Ct. at 1965 (citations omitted).

Finally, Plaintiff is advised that an amended complaint supercedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded pleading," Local Rule 15-220. Plaintiff is warned that "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing

to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a civil rights complaint form;

2. Within **thirty (30) days** from the date of service of this order, Plaintiff must either:

   a. File an amended complaint curing the deficiencies identified by the Court in this order, or

   b. Notify the Court in writing that he is willing to proceed only against Defendants Does 26-28 and Tulare County for violation of the Due Process Clause of the Fourteenth Amendment and that he does not want to file an amended complaint; and

3. If Plaintiff fails to comply with this order, this action will be dismissed for failure to obey a court order.

Further, the Court RECOMMENDS that:

1. Plaintiff's request for a temporary restraining order and/or preliminary injunctive relief be DENIED. These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **thirty (30) days** after being served with these Findings and Recommendations, plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **August 2, 2009**              /s/ **Dennis L. Beck**
                                         UNITED STATES MAGISTRATE JUDGE