1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL GOLDEN,<br><br>           **Plaintiff,**<br><br>    **v.**<br><br>**COUNTY OF TULARE, et al.,**<br><br>        **Defendants.** | **1:09-cv-00263-OWW-SKO**<br><br>**MEMORANDUM DECISION REGARDING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (Doc. 37)** |

## I.  INTRODUCTION.

Plaintiff Michael Golden ("Plaintiff") brings this civil rights action pursuant to 42 U.S.C. § 1983 against Defendants the County of Tulare ("County"), various Doe Defendants, and Bill Wittman ("Wittman") (collectively "Defendants").

Defendants filed a motion for summary judgment on February 10, 2011. (Doc. 37).  Plaintiff filed opposition to the motion for summary judgment and objections to Defendants' evidence on February 28, 2011.  (Docs. 42, 43).  Defendants filed a reply on March 7, 2011.  (Doc. 38).

## II.  FACTUAL BACKGROUND.

On August 18, 2008, Plaintiff appeared in Tulare County Superior Court to be arraigned on a misdemeanor violation of California Vehicle Code section 14601.1(a), driving on a suspended

**1**

1  license, and an infraction under California Vehicle Code section
2  4000(a)(1), driving an unregistered vehicle.   The Superior Court
3  remanded Plaintiff to the custody of the Tulare County Sheriff's
4  Department.   Plaintiff was taken to the Tulare County Jail
5  ("Jail").

6       At approximately 2:30, more than three hours after his arrest
7  and after being booked, Plaintiff called his attorney, Jeffery
8  Kallis ("Kallis"), for legal advice.   Mr. Kallis advised Plaintiff
9  to hang up and arrange for a private and confidential phone call to
10 ensure that personnel at the detention facility were not monitoring
11 or recording the call.   Plaintiff hung up and asked a Sheriffs
12 Deputy, identified in the complaint as Doe 26, for a confidential
13 telephone call to his attorney.   Doe 26 stated that he would
14 arrange the confidential call.   However, Plaintiff was never
15 afforded an opportunity to make a confidential call to his
16 attorney.

17      On August 19, 2008, at approximately 8:00 a.m., Plaintiff
18 asked an individual identified as Doe 27 if his confidential call
19 to his attorney was arranged.   Doe 27 stated he would check on it.
20 Plaintiff repeated his request to Doe 27 three to five times over
21 the course of the next few hours.   Each time, Doe 27 stated he
22 would check on it.   At approximately 11:45 a.m., an individual
23 identified as Doe 28 escorted Plaintiff to the medical center, and
24 Plaintiff repeated his request for a confidential phone call.   Doe
25 28 chuckled and said "that's not going to happen."   Due to his
26 shock and intimidation, Plaintiff ceased his requests for a
27 confidential phone call.
28 ///

**2**

1  Plaintiff was confined at the Jail for three days.  On August

2  20, 2008, Plaintiff pled no contest to the Vehicle Code charges,

3  was sentenced to three days incarceration, with credit for time

4  served, and released.

5  Kallis placed several calls to the Jail in an attempt to reach

6  Plaintiff.  Kallis was told each time that he would be called back,

7  but he never was.

8  ### III. __LEGAL STANDARD__.

9  Summary judgment/adjudication is appropriate when "the

10 pleadings, the discovery and disclosure materials on file, and any

11 affidavits show that there is no genuine issue as to any material

12 fact and that the movant is entitled to judgment as a matter of

13 law." Fed. R. Civ. P. 56(c). The movant "always bears the initial

14 responsibility of informing the district court of the basis for its

15 motion, and identifying those portions of the pleadings,

16 depositions, answers to interrogatories, and admissions on file,

17 together with the affidavits, if any, which it believes demonstrate

18 the absence of a genuine issue of material fact." *Celotex Corp. v.*

19 *Catrett*, 477 U.S. 317, 323 (1986) (internal quotation marks

20 omitted).

21 Where the movant will have the burden of proof on an issue at

22 trial, it must "affirmatively demonstrate that no reasonable trier

23 of fact could find other than for the moving party." *Soremekun v.*

24 *Thrifty Payless, Inc.*, 509 F.3d 978, 984 (9th Cir. 2007).  With

25 respect to an issue as to which the non-moving party will have the

26 burden of proof, the movant "can prevail merely by pointing out

27 that there is an absence of evidence to support the nonmoving

28 party's case." *Soremekun*, 509 F.3d at 984.

**3**

1    When a motion for summary judgment is properly made and
2    supported, the non-movant cannot defeat the motion by resting upon
3    the allegations or denials of its own pleading, rather the
4    "non-moving party must set forth, by affidavit or as otherwise
5    provided in Rule 56, 'specific facts showing that there is a
6    genuine issue for trial.'" *Soremekun*, 509 F.3d at 984. (quoting
7    *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986)). "A
8    non-movant's bald assertions or a mere scintilla of evidence in his
9    favor are both insufficient to withstand summary judgment." *FTC v.*
10   *Stefanchik*, 559 F.3d 924, 929 (9th Cir. 2009). "[A] non-movant must
11   show a genuine issue of material fact by presenting affirmative
12   evidence from which a jury could find in his favor." *Id*. (emphasis
13   in original). "[S]ummary judgment will not lie if [a] dispute about
14   a material fact is 'genuine,' that is, if the evidence is such that
15   a reasonable jury could return a verdict for the nonmoving party."
16   *Anderson*, 477 U.S. at 248. In determining whether a genuine dispute
17   exists, a district court does not make credibility determinations;
18   rather, the "evidence of the non-movant is to be believed, and all
19   justifiable inferences are to be drawn in his favor." *Id*. at 255.

20                    **IV. <u>DISCUSSION</u>**.

21   **A. Federal Claims**

22   Plaintiff asserts a Fourteenth Amendment due process claim
23   based on alleged deprivations of state-created liberty interests
24   arising out of California Penal Code section 851.5. *See Carlo v.*
25   *City of Chino*, 105 F.3d 493, 502 (9th Cir. 1997) (holding that Cal.
26   Pen. Code 851.1 creates liberty interests protected by the

27

28

                                **4**

Fourteenth Amendment);[1] *see also Maley v. County of Orange*, 224 Fed. Appx. 591, 593 (9th Cir. 2007) (unpublished). Plaintiff alleges that Defendants violated California Penal Code section 851.5 by failing to respond to his repeated requests for a confidential phone conversation with his attorney.

California Penal Code section 851.5 provides in pertinent part:

> a) Immediately upon being booked, and, except where physically impossible, no later than three hours after arrest, an arrested person has the right to make at least three completed telephone calls, as described in subdivision (b).
>
> The arrested person shall be entitled to make at least three calls at no expense if the calls are completed to telephone numbers within the local calling area.
>
> (b) At any police facility or place where an arrestee is detained, a sign containing the following information in bold block type shall be posted in a conspicuous place:
>
> That the arrestee has the right to free telephone calls within the local dialing area, or at his or her own expense if outside the local area, to three of the following:
>
> (1) An attorney of his or her choice or, if he or she has no funds, the public defender or other attorney assigned by the court to assist indigents, whose telephone number shall be posted. This telephone call shall not be monitored, eavesdropped upon, or recorded...
>
> (d) These telephone calls shall be given immediately upon request, or as soon as practicable.

---

[1] The *Carlo* Court noted uncertainty regarding the correct the legal standard for determining whether section 851.5 confers constitutionally protected liberty interests, noting that the Supreme Court's decision in *Sandin v. Conner,* 115 S.Ct. 2293 (1995) cast doubt on the continued applicability of the mandatory language test set forth in *Hewitt v. Helms*, 459 U.S. 460, 471-72 (1983). *Carlo*, 105 F.3d at 498-99. After noting a possible distinction between the standard applicable to convicted prisoners and pre-trial detainees, the Ninth Circuit concluded that "under either standard the California statute creates a protected liberty interest." *Id.* at 499. In *Valdez v. Rosenbaum*, 302 F.3d 1039, 1044 n.3 (9th Cir. 2002), the Ninth Circuit cited *Carlo* for the proposition that *Helms* is the applicable standard for claims brought by pre-trial detainees.

Cal. Pen. Code § 851.5.

The entire tenor of the section 851.5 is one of liberality to the accused, and the California Legislature intended for section 851.5 to be construed broadly. *See Ex parte Newbern*, 55 Cal. 2d 500, 506 (Cal. 1961) (discussing former version of statute)).[2] The rights conferred by section 851.5 arise immediately after booking and last for an indefinite time, "until the accused has no more need thereof." *Id*.

### 1.  Doe Defendants

According to Plaintiff's deposition testimony, more than three hours after his arrest, Plaintiff asked a jail official, Doe 26, for a confidential phone call to his attorney, and Doe 26 told Plaintiff that he would arrange the phone call for Plaintiff. (Doc. 46, Opposition, Ex. C at 63-62).  Approximately thirty minutes to one hour later, Plaintiff repeated his request to Doe 26, and Doe 26 stated that he was "working on it."  (Id. at 63). Another thirty minutes to an hour later, Plaintiff again requested a confidential phone call to his attorney, and Doe 26 gave Plaintiff the same response.  (Id. at 64-65).  Plaintiff believes he asked Doe 26 for his phone call four or five times, and was never given the opportunity to make a confidential phone call. (Id.).

*///*

---

[2] The version of section 851.5 enacted in 1959 provided in relevant part "Any person arrested has, immediately after he is booked, the right to make, at his own expense, in the presence of a public officer or employee, at least one telephone call from the police station or other place at which he is booked, completed to the person called, who may be his attorney, employer, or a relative." *See id*.

1   Plaintiff next asked another jail official, Doe 27, what the
2   status of his phone call request was.  Doe 27 told Plaintiff he did
3   not know anything about Plaintiff's request.  Finally, Plaintiff
4   asked a female jail official, Doe 28, what the status of his phone
5   call request was.  Doe 28 laughed at Plaintiff and said "that's not
6   going to happen."

7       Accepting Plaintiff's version of the facts as true and drawing
8   all inferences in Plaintiff's favor, there is sufficient evidence
9   on the record to create a triable issue of fact regarding whether
10  Doe 26, Doe 27, and Doe 28 violated Plaintiff's rights under
11  California Penal Code section 851.5 by knowingly failing to ensure
12  that Plaintiff was able to place a confidential phone call to his
13  attorney.

14      Doe 26, Doe 27, and Doe 28 are not entitled to qualified
15  immunity at this time.  In light of *Carlo*, no reasonable officer
16  could have believed that denying Plaintiff a confidential telephone
17  call to his attorney, a mandatory entitlement under section 851.5,
18  did not violate his constitutional rights.  105 F.3d at 502
19  (denying qualified immunity in section 1983 action based on
20  violation of 851.5).  Although *Carlo* concerned a situation where a
21  detainee was held "incommunicado" and is thus factually
22  distinguishable from Plaintiff's claim, the Ninth Circuit's grant
23  of qualified immunity was not based on a clearly established
24  federal right of detainees to not be held "incommunicado."  Rather,
25  *Carlo* held that qualified immunity was unavailable because it was
26  clearly established that (1) section 851.5 creates protected
27  liberty interests; and (2) state-created liberty interests are
28  protected by due process.  *Id*.  ("Under Helms, it was clearly

**7**

established that the California statute created a liberty interest...[g]iven the clarity of the statute and the law defining liberty interests at the time, no reasonable officer could have believed that denying Carlo telephone calls did not violate her constitutional rights."). *Id*. Accordingly, under the law of the Ninth Circuit, officials are not entitled to qualified immunity for clear violations of California Penal Code section 851.5. *See id*.

### 2. Sheriff Bill Wittman

Plaintiff asserts a claim for supervisory liability against Sheriff Bill Wittman. The FAC alleges that Wittman was the commanding officer of the Doe Defendants. "A defendant may be held liable as a supervisor under § 1983 'if there exists either (1) his or her personal involvement in the constitutional deprivation, or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation.'" *Starr v. Baca*, 2011 U.S. App. LEXIS 2798 *11 (9 th Cir. 2011) (citation omitted). The law clearly allows actions against supervisors under section 1983 if:

> a sufficient causal connection is present and the plaintiff was deprived under color of law of a federally secured right.
>
> The requisite causal connection can be established by setting in motion a series of acts by others, *or by knowingly refusing to terminate a series of acts by others, which the supervisor knew or reasonably should have known would cause others to inflict a constitutional injury*. A supervisor can be liable in his individual capacity for his own culpable action or inaction in the training, supervision, or control of his subordinates; for his acquiescence in the constitutional deprivation; or for conduct that showed a reckless or callous indifference to the rights of others.

*Id*. at *12 (emphasis added, citations and quotations omitted).

**8**

The FAC contains the conclusory allegation that Wittman was present at the Jail during the relevant time period, knew that the Doe Defendants were depriving Plaintiff of his right to a phone call, and failed to prevent the misconduct.   (FAC at 6-7). However, at the hearing on Defendants' motion for summary judgment, Plaintiff's counsel conceded that Wittman was not present at the Jail on the day in question and had no personal involvement in the incident.   Summary Judgment is GRANTED as to Wittman in his individual capacity.

### 3. Monell Claims

Municipal entities "are 'persons' under 42 U.S.C. § 1983 and thus may be liable for causing a constitutional deprivation." *Long v. County of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006). There are three theories of municipal liability under section 1983. *Clouthier v. County of Contra Costa*, 591 F.3d 1232, 1249 (9th Cir. 2010).   First, a local government may be held liable "when implementation of its official policies or established customs inflicts the constitutional injury." *Id.* (citing *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 708 (1978)).   Second, under certain circumstances, a local government may be held liable under § 1983 for acts of "omission," when such omissions amount to "deliberate indifference" to a constitutional right.   *Id.* (citations omitted).   Third, local government may be held liable under § 1983 when the individual who committed the constitutional tort was an official with final policy-making authority, or such an official ratified a subordinate's unconstitutional decision or action and the basis for it.   *Id.* (citations and quotations omitted).   There is no respondeat superior liability under section

1983.  *Monell*, 436 U.S. at 691.

Plaintiff contends that the official policies in place at the Jail violate section 851.5.  Plaintiff has presented evidence that all detainees at Jail are required to sign a "Notice of Recording Policy" ("Notice") which states that all detainees' telephonic communications at the jail are recorded.  (Doc. 46., Opposition, Ex. F).  It is undisputed that, at the time Plaintiff was held at the Jail, there was no sign advising detainees of their rights under section 851.5 to a confidential phone call with an attorney.  (Doc. 37, Defendants SUF 45).  There is a triable issue of fact whether the Jail's policy of requiring all detainees to sign the Notice, in combination with the failure to provide a sign advising detainees of their rights under section 851.5 and failure to respond to requests for a confidential phone call, such as Plaintiff's, amounts to an official policy of denying detainee's their right to a confidential attorney phone call.  This is especially so in light of the fact that Jail does not have a written policy concerning how to handle requests for confidential attorney phone calls.  (Doc. 38, MSJ, Ex. 14, Jones Dec. at 2).

**B. State Law Claims**

The California Tort Claims Act requires that a tort claim against a public entity or its employees be presented to the California Victim Compensation and Government Claims Board no more than six months after the cause of action accrues. *See* Cal. Gov't Code §§ 905.2, 910, 911.2, 945.4, 950-950.2. Presentation of a written claim, and action on or rejection of the claim, are conditions precedent to suit. *State v. Superior Court of Kings County (Bodde)*, 32 Cal. 4th 1234, 1245 (2004); *Mangold v.*

1  *California Pub. Utils. Comm'n*, 67 F.3d 1470, 1477 (9th Cir. 1995).
2  Where compliance with the California Tort Claims Act is required,
3  the plaintiff has the burden of pleading and proving compliance
4  with the California Government Claims Act. *Id*. The filing of a
5  timely claim is an essential element of a cause of action against
6  a public entity or employee and must be properly alleged in the
7  complaint.  In order to comply with the claim-filing provisions of
8  the California Tort Claims Act, the factual basis for recovery must
9  be fairly reflected in the written claim presented to the
10 governmental entity. *E.g.*, *Stockett v. Ass'n. of Cal. Water*
11 *Agencies Joint Powers Ins. Authority*, 34 Cal. 4th 441, 447 (Cal.
12 2004)(emphasis added).

13     The claim Plaintiff submitted to the Tulare County Board of
14 Supervisors does not state that Plaintiff was denied a confidential
15 phone call.  Under the "Facts" section of the claim, Plaintiff
16 wrote:

17     Location: Tulare Co, Dinuba Division, Tulare County Jail
       Description of incident: Violations of civil, statutory,
18     and constitutional rights under the 1st, 4th, 5th, 6th, 8th,
       and 14th Amendments resulting from seizure of claimant by
19     Tulare County Sheriffs.

20 (Doc. 38, Ex. 19 at 55).  Under the "description of the injury"
21 section, Plaintiff wrote: "Deprivation of freedom, association, and
22 other civil rights." (Id.). Plaintiff also described property loss
23 as "car impounded and loss of income." (Id.).  The claim does not
24 fairly reflect any violation of rights under section 851.5, and
25 Plaintiff's claim is devoid of any reference to a confidential
26 attorney phone call. As each of Plaintiff's state law claims are
27 predicated on alleged denial of an Plaintiff's requests for a
28 confidential attorney phone call in violation of section 851.5,

**11**

each claim is barred due to Plaintiff's failure to comply with the
California Tort Claims Act.   *E.g.*, *Stockett*, 34 Cal. 4th at 447
(Cal. 2004).

### ORDER

For the reasons stated, IT IS ORDERED:

1) Summary judgment is GRANTED as to Defendant Wittman in his
individual capacity;

2) Summary judgment is GRANTED as to Plaintiff's state law
tort claims; and

3) Defendants shall submit a form of order consistent with
this Memorandum Decision within five (5) days following
electronic service of this decision.

IT IS SO ORDERED.

Dated:    **March 22, 2011**              **/s/ Oliver W. Wanger**
                                 UNITED STATES DISTRICT JUDGE